IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KRYSTAL ARCHIE, et al., | ) | |
| Plaintiffs, | ) | No. 19-cv-04838 |
| | ) | Judge Robert W. Gettleman |
| v. | ) | Magistrate Judge Jeffrey Cummings |
| | ) | |
| THE CITY OF CHICAGO, et al. | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**THE PARTIES' JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**A.** **This case is not currently set for a status hearing before the Court. (Dkt. 124).**

**B.** **Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

*Plaintiffs:*
Al Hofeld, Jr. - al@alhofeldlaw.com (expected to try the case)
Law Offices of Al Hofeld, Jr., LLC
30 N. LaSalle Street, Suite 3120
Chicago, IL 60602
(773) 241-5844

*Defendant City of Chicago:*
Lance C. Malina - lcmalina@ktjnet.com (expected to try the case)
Allen Wall - jawall@ktjnet.com (expected to try the case)
Anthony G. Becknek - agbecknek@ktjlaw.com (expected to try the case)
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, IL
(312) 984-6400

*For Defendant Officers*
Larry S. Kowalczyk - lkowalczyk@querrey.com (expected to try the case)
Megan K. Monaghan - mmonaghan@querrey.com (expected to try the case)
Querrey & Harrow, Ltd.
120 N. LaSalle Street, Suite 2600

Chicago, Illinois 60602
(312) 540-7616

**C.     State the basis for federal jurisdiction.**

This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) and over their state law claims pursuant to the court's supplemental jurisdiction, as codified in 28 U.S.C. § 1367(a).

**D.     All Parties have requested a jury trial.**

**E.     The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case.**

In their Third Amended Complaint, Plaintiffs bring a *Monell* claim, as well as claims for *Respondeat Superior* and Indemnification, against the City of Chicago. Plaintiffs bring the following claims against the individual Defendant Officers: (1) § 1983 Unlawful Search Without Consent; (2) § 1983 Unlawful Search-Invalid Warrant; (3) § 1983 Unlawful Search-Unreasonable Manner of Entry and Search; (4) § 1983 Unconstitutional Seizure of Property; (5) Assault; (6) Battery; (7) Intentional Infliction of Emotional Distress; and (8) Conversion. Defendants deny Plaintiffs' claims and allegations regarding the conduct of the individual Defendant Officers as well as Plaintiffs' *Monell* policy and practice allegations. There are no counterclaims.

This matter arises from three separate incidents involving plaintiffs' first floor apartment. When Defendant Officers executed a search warrant for the second floor apartment at 6832 S. Dorchester on February 8, 2019, the target of the search warrant, three other adults, and multiple children ran from the second floor apartment into the Plaintiffs' first floor apartment when officers made entry through the rear door of the second floor apartment. Knowing that adults from the second floor had run into Plaintiffs' apartment, Officers made forcible entry into Plaintiffs' apartment after knocking and requesting the occupants open the door for over a minute. The target of the search warrant and two other adults were taken into custody. Officers conducted a search of Plaintiffs' residence allegedly in order to ensure that the target of the search warrant and other adults did not hide contraband in Plaintiffs' residence; plaintiffs allege the search exceeded the lawful scope. Officers recovered Ms. Archie's firearm from underneath a plastic bag in the hallway. Plaintiffs allege Ms. Archie voluntarily led officers to her lawfully-owned firearm following discussion.

On April 25, 2019, and May 17, 2019, Officers from two separate units executed search warrants for Plaintiffs' residence. The warrants were for drugs and drug paraphernalia. Although Officers recovered one tablet of what they claim was ecstasy from a guest's cigarette box at the residence on May 17, 2019, officers did not find the narcotics identified in the search warrant and no contraband was recovered on April 25, 2019. No plaintiff was arrested. Plaintiffs allege officers obtained the warrants for the wrong house and without corroborating the informants' tips. Defendants' deny that they obtained the warrants for the wrong house and deny that they failed to corroborate the informants' tips. Plaintiffs also allege that Officers pointed firearms directly at the minor Plaintiffs while making entry into and clearing the residence on February 8, 2019 and April 25, 2019, as well as at Ms. Archie during their entry on May 17, 2020. Defendants deny that any firearm was ever intentionally pointed directly at any of the minor Plaintiffs at any time.

2

F.  **The relief sought by any party, including computation of damages, if available**

Plaintiffs seek monetary relief in the form of compensatory damages for emotional distress, punitive damages (against defendant officers), and reasonable attorney's fees and costs.

G.  **All Parties have been served.**

H.  **The principal legal issues**

As to Plaintiffs' *Monell* claim, the major legal issue will be whether Plaintiffs can establish that the City of Chicago maintained certain alleged policies and practices and whether, if those policies and practices are so established, they caused violations of Plaintiffs' constitutional rights. The issue of bifurcation of *Monell* will also need to be decided once defendants file a motion to bifurcate. As to the non-*Monell* claims, the major legal issues will be whether Plaintiffs can establish sufficient evidence to show that conduct allegedly committed by the individual Defendant Officers violated their Constitutional rights pursuant to section 1983 and/or violated Illinois state law, including whether it was reasonable for defendants to point firearms at plaintiffs during the execution of the search warrant or whether weapons were ever pointed at the Plaintiffs as they allege, as well as whether the individual defendant officers are entitled to qualified or other state immunities.

I.  **The principal factual issues**

The major factual issues surrounding Plaintiffs' *Monell* claim will be whether Plaintiffs can prove the existence of the alleged policies and practices identified in their Complaint, and, if so, then whether they can prove those policies and practices caused violations of Plaintiffs' Constitutional rights. As to the non-*Monell* claims, the major factual issues will deal with whether Plaintiffs can establish evidence of conduct by any of the individual Defendant Officers that violated their Constitutional rights and/or violated Illinois state law, including whether defendants reasonably entered and searched plaintiffs' residence on February 8, 2019, when the target of the search warrant and other individuals entered and hid in Plaintiffs' residence, whether defendants reasonably relied on the informants, whether they corroborated the informants' tips, and whether they pointed their firearms at the minor Plaintiffs and whether any alleged pointing of a firearm during the execution of search warrant was unreasonable and unconstitutional. Such issues will involve discovery regarding the actions of the individual Defendant Officers, the actions of Plaintiffs, and whether or to what extent Plaintiffs suffered damages.

J.  **A brief description of all anticipated motions**

The Parties foresee Motion practice regarding the depositions of minor Plaintiffs Savannah, Telia, and Jhaimarion, who will be at least 16, 13, and 9-years-old, respectively, at the time of their depositions. The Parties foresee motion practice regarding the identities and depositions of the informants. The parties foresee issues relating to managing *Monell* discovery, including a motion to bifurcate. The Parties or Paintiffs may also file a motion for reassignment of a related, later-filed case.

3

**K.** **A propose discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations, and a proposed discovery cutoff.**

Defendants have made initial document productions consisting of search warrant materials and BWC videos. The Parties still need to make their Rule 26(a) Disclosures and conduct written and oral fact and expert discovery.

The Parties propose the following discovery plan pursuant to Rule 26(f):

1) Initial Rule 26(a) Disclosures will be made by December 21, 2020.

2) Written discovery to be issued by January 5, 2021.

3) <u>Fact Discovery Cut-off Date</u>. The Court's ruling on whether *Monell* should be bifurcated and stayed, once defendants file and the Court decides such a motion, will likely have a significant effect on the nature and length of discovery. Plaintiffs respectfully request that the Court set a deadline now for the filing of that motion and a briefing schedule. The Parties will issue written discovery and will seek during oral discovery to depose all Parties and any other disclosed fact witnesses barring any agreements to the contrary between the Parties during the course of discovery. Should *Monell* discovery proceed, defendants anticipate significant written discovery and the depositions of Rule 30(b)(6) and 30(b)(1) witnesses on that claim.

Plaintiffs' position:

Plaintiffs propose eight (8) months for all fact discovery, *Monell* and non-*Monell*. Plaintiffs' rationale is as follows. Plaintiffs' *Monell* claim has two parts. In the major part, plaintiffs allege defendant City had a custom of excessive force against children (Third Amended Complaint, docket #125 ¶¶ 27-35, 154-162, 166-181). In the minor part, plaintiffs allege defendant City had a custom of obtaining and executing "negative" search warrants based on unreliable information (¶¶ 163-165). For the major part, plaintiffs' counsel and defendant City (through different counsel) have already conducted and completed written and oral discovery on an identical *Monell* claim in consolidated fashion in *Mendez v. City of Chicago*, 18-cv-5560 (docket #125, ¶¶ 21-27, 113-137), *Ebony Tate v. City of Chicago*, 18-cv-7439 (docket #70, ¶¶ 170-194), and *Bures v. City of Chicago*, 19-cv-2040 (docket #65, ¶¶ 26-34, 117-145). The *Monell* period discovered in those cases was November 7, 2012 – February 10, 2019. (Id.). The *Monell* period in this case is May 17, 2013 – May 17, 2019 (Third Amended Complaint, ¶ 155). The parties need not re-do the same *Monell* discovery in this case, and plaintiffs' plan to disclose and use in this case all of the City's *Monell*-related witnesses, documents and deposition transcripts from those cases. Rather, for the major part of plaintiffs' *Monell* claim in this case, the only new discovery the parties need to conduct is for the period February 11, 2019 – May 17, 2019, along with any supplements the parties feel are necessary. For the minor part of plaintiffs' *Monell* claim in this case, the parties need to conduct document discovery for the period May 17, 2013 – May 17, 2019, and

4

limited oral discovery. The parties also need to conduct liability fact discovery relating to the three underlying incidents. Provided the City's motion to bifurcate is filed and resolved soon and that the City produces documents and witnesses timely, all liability discovery can be completed in 8 months.

Defendants' position:

Defendants anticipate that all fact and *Monell* discovery will take approximately 18 months to complete (July 8, 2022) because there are three separate incidents to conduct discovery on, including four Plaintiffs, 29 named Defendant Officers, multiple occurrence witnesses, *Monell* witnesses, and Plaintiffs' medical treaters who will need to be deposed.

4) Expert discovery

The parties propose:

   a. Plaintiffs' expert reports to be due 30 days after the close of fact discovery;
   b. Plaintiffs' expert depositions to be completed 30 days after plaintiffs' expert reports are disclosed;
   c. Defendants' expert reports to be due by 45 days after plaintiffs' experts have been deposed;
   d. Defendants' expert depositions to be completed 30 days after defendants' expert reports are disclosed;
   e. Plaintiffs' rebuttal reports if any to be due 14 days after defendants' experts have been deposed;

5) Plaintiffs' position is that all discovery (fact and expert) should close by January 6, 2021. Defendants' position is that all discovery (fact and expert) should close by December 7, 2022.

**L.     The earliest date the Parties would be ready for trial and the probable length of trial**

Plaintiffs believe the case will be ready for trial March 1, 2022, and that trial will last 7-10 business days. Defendants believe the earliest date the case will be ready for trial is June 12, 2023. Defendants estimate that the trial will last approximately 3-4 weeks.

**M.     The status of any settlement discussions and whether a settlement conference would be appropriate. In this regard, counsel are directed to consider and discuss with their respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution (ADA), and to briefly set forth the results of such consideration and discussion.**

The City retained former Chief Judge Ruben Castillo to act as a mediator to attempt to settle the case, but the discussions were not successful. The Parties do not request a settlement conference at this time.

Counsel has considered and discussed the possibility of attempting to resolve this matter through ADA with their respective clients. At this time, the Parties will keep open the possibility of discussing settlement, and will inform the Court if a settlement conference or other format on pursuing resolution is possible.

                                            Respectfully submitted,

                                            KRYSTAL ARCHIE, for herself and on behalf of her minor children, SAVANNAH BROWN, TELIA BROWN, and JHAIMARION JACKSON

                       BY:     s/Al Hofeld, Jr.
                                 Plaintiffs' Attorney

Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
30 N. LaSalle Street, Suite 3120
Chicago, IL 60602
(773) 241-5844

                                            Defendant, CITY OF CHICAGO

                     BY:     s/ Allen Wall
                                Special Assistant Corporation Counsel

Lance C. Malina - Special Assistant Corporation Counsel-lcmalina@ktjlaw.com
Allen Wall - Special Assistant Corporation Counsel - jawall@ktjlaw.com
Anthony G. Becknek - Special Assistant Corporation Counsel-agbecknek@ktjlaw.com
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400
*Counsel for the City of Chicago*

                                            DEFENDANT OFFICERS

                     BY:     s/Larry S. Kowalczyk
                                Special Assistant Corporation Counsel

Larry S. Kowalczyk- Special Assistant Corporation Counsel- lkowalczyck@querrey.com
Megan K. Monaghan- Special Assistant Corporation Counsel- mmonaghan@querrey.com
QUERREY & HARROW, LTD.
120 N. LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 540-7000
*Counsel for Defendant Officers*