IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRYSTAL ARCHIE, for herself and on behalf of her minor children, SAVANNAH BROWN, TELIA BROWN, and JHAIMARION JACKSON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 19-cv-04838 |
| v. | ) ) | Judge Robert W. Gettleman |
| THE CITY OF CHICAGO, *et al.,* | ) ) ) | Magistrate Judge Jeffrey Cummings |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION TO REASSIGN RELATED CASES**

*Counsel for Plaintiffs*
Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
30 N. LaSalle Street, Suite #3120
Chicago, Illinois 60602
(773) 241-5844
Fax - 312-372-1766
al@alhofeldlaw.com

January 26, 2021

Plaintiffs, through counsel in this and four other cases currently pending in the Northern District of Illinois, respectfully move this Court, pursuant to Local Rule 40.4, for entry of an Order: 1) finding the four cases to be related to this case and 2) requesting that the Executive Committee reassign those cases to Judge Gettleman. In support of this support of this motion, plaintiffs state as follows:

I. INTRODUCTION

This case is the earliest-filed of five cases that are now on approximately the same litigation schedule. The other four cases, *Blassingame, Harbin, Lyons* and *Vale* (see case numbers below) which are currently pending before other judges of this Court, easily meet the criteria for both relatedness and reassignment under LR 40.4(a) and (b). All five lawsuits have an identical *Monell* claim against the same defendant, the City of Chicago, in which plaintiffs allege that the City has a practice of using excessive force against young children (ages 0-14) and injuring them with Post Traumatic Stress Syndrome ("PTSD"). The *Monell* claim is the central claim in each case. Additionally, each *Monell* claim has the identical, secondary allegation that the City has a practice of executing search warrants in the wrong homes as the result of inadequate investigations. Consequently, in the most complex and time-consuming part of each case, the *Monell* claim, all five involve the same issues of both law and fact and, therefore, reassigning them to this Court would result in "a substantial saving of judicial time and effort" among the judges within the Northern District of Illinois. LR 40.4(b)(2). Reassignment would also prevent conflicting rulings on highly similar, currently pending motions, including Fed. R. Civ. Pro. 12(b)(6) motions to dismiss and motions to stay and bifurcate *Monell* discovery. This case, in which written discovery has just begun, has not progressed to the point where a relatedness designation would delay the proceedings. Because all five cases have the same

1

*Monell* claim, relying on the same *Monell* discovery, all five are susceptible of disposition in a single proceeding. The same attorneys represent the plaintiffs and defendants in all cases.

## II. PROCEDURAL HISTORY

Plaintiffs filed this case on July 19, 2019. A copy of the operative complaint is attached as Exhibit A. On September 28, 2020 this Court granted in part and denied in part defendants' motions to dismiss, allowing the *Monell* claim and several other § 1983 and state law claims to proceed. *Archie v. City of Chicago*, 2020 U. S. Dist. LEXIS 176221 (N. D. Ill. Sept. 25, 2020). On January 15, 2021, the parties served their first set of written discovery requests, after making Fed. R. Civ. Pro. 26(a)(1) disclosures in December, 2020. (Scheduling Order, docket # 132).

On November 5, 2019, plaintiffs filed *Blassingame v. City of Chicago*, 19-cv-07287. A copy of the operative complaint is attached as Exhibit B. Defendants' motions to dismiss have been fully briefed since October 6, 2020, and are awaiting ruling by Judge Kness. (Docket # 92).

On November 14, 2019, plaintiffs filed *Tate/Harbin v. City of Chicago*, 19-cv-07506 ("*Harbin*"). A copy of the operative complaint is attached as Exhibit C. On November 16, 2020, Judge Durkin denied defendants' motion to dismiss, allowing the *Monell* claim and all of plaintiffs' § 1983 and state law claims to proceed. *Tate v. City of Chicago*, 2020 U. S. Dist. LEXIS 213712 (N. D. Ill. Nov. 16, 2020). The parties are to serve their first set of written discovery requests on February 3, 2021, after making MIDP disclosures in January, 2021. (Scheduling Order, docket # 98).

On June 11, 2020, plaintiffs filed *Lyons v. City of Chicago*, 20-cv-03412. A copy of the operative complaint is attached as Exhibit D. In *Lyons*, defendants' motions to dismiss

2

have been fully briefed since January 4, 2021, and are awaiting ruling by Judge Kness. (Docket # 66).

On August 27, 2020, plaintiffs filed *Vale v. City of Chicago*, 20-cv-05037. A copy of the operative complaint is attached as Exhibit E. In *Vale*, defendants filed motions to dismiss in January, 2021; under the briefing schedule set by Judge Pacold, the last reply brief is to be filed March 12, 2021. (Docket ## 44-45).

In all five pending cases, the parties are represented by the same law firms and the same individual lawyers, with the single exception of *Vale*, where in-house Corporation Counsel represents the City.

Additionally, plaintiffs' counsel has been retained to file additional, highly similar cases.

This motion is timely because plaintiffs filed it shortly after defendants filed their motions in *lieu* of answers in *Vale*, the latest-filed case, on January 20, 2021. (Docket ##38, 41). LR 40.4(c)(2) requires that motions for reassignment not be filed "until after the answer or motions in *lieu* of answer have been filed in each of the proceedings involved." On November 30, 2020, plaintiffs' counsel wrote to all defense counsel *via* email asking for their position on this motion for reassignment, but they did not respond.

**III.    LEGAL STANDARD**

Under LR 40.4, cases may be reassigned to the calendar of the judge with the earliest-numbered case if they are both related and meet the conditions for reassignment. LR 40.4(a) and (b). Cases are related if they meet one of four conditions, including the condition that "the cases involve some of the same issues of fact or law." LR 40.4(a)(2). Next, cases found to be related may be reassigned if four criteria are met: (1) the related cases are pending in

3

the Northern District of Illinois; (2) the handling of the related cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earliest case has not progressed to the point where designating later filed cases as related would be likely to delay the proceedings in the earlier case substantially; and (4) the related cases are susceptible of disposition in a single proceeding. LR 40.4(b). The party moving for reassignment bears the burden of showing that the cases are related and that reassignment would promote efficient use of judicial resources. *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *7 (N. D. Ill. June 18, 2019).

Moreover, while the decision to reassign a case as related falls within the Court's sound discretion, *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *8, the Seventh Circuit has repeatedly expressed a strong preference that related cases be reassigned to a single judge. *H.O.P.E., Inc. v. Eden Mgmt*., LLC, 2016 U.S. Dist. LEXIS 97713, *18 (N. D. Ill. July 27, 2016).[1] This preference reflects a concern for uniformity of justice across cases as well as well as judicial efficiency, i.e., cases that are similar should be litigated before the same judge to avoid disparate decisions and multiple appeals. *Smith v. Check-N-Go of Illinois, Inc.*, 200 F.3d at 513. Re-assignment helps ensure uniformity of justice in all cases. *Fairbanks Capital Corp. v. Jenkins,* 2002 U.S. Dist. LEXIS

---

[1] *Smith v. Check-N-Go, Inc.*, 200 F.3d 511, 513 n.* (7th Cir.1999) ("For reasons that we have been unable to discover, the Northern District of Illinois, in which these suits were filed, did not consolidate them before a single judge, even though the issues and parties have substantial overlap."); *Gibson v. Bob Watson Chevrolet-GEO, Inc.,* 112 F.3d 283 (7th Cir. 1997) ("For unexplained reasons the cases, having initially been randomly assigned to different district judges in the Northern District of Illinois, were *not* reassigned to a single judge… but remained with the original judges, eleven of whom have ruled on motions to dismiss the complaint or to grant summary judgment for defendant")(emphasis in original); and *Southmark Corp. v. Cagan,* 950 F.2d 416,419 (7th Cir. 1991) ("[W]e strongly suggest that Judge Williams, to whom the earliest of the three related cases was assigned, request the district court's Executive Committee to consolidate the three cases and reassign them to her under that court's Rule 2.31d in order to avoid potentially inconsistent judgments").

26297, at *7 ("The overall administration of justice will likewise be enhanced by having a single judge determine this issue in all four cases").

## IV. ARGUMENT

*Blassingame, Harbin, Lyons* and *Vale* are related to *Archie* and easily meet all four conditions for reassignment. Plaintiffs demonstrate why below.

### A. The Four Cases Currently Assigned to Other Judges Meet The LR 40.4(a) Definition of "Related"

#### 1. The *Monell* Claim Involves Identical Issues of Both Fact and Law in All Five Cases

*Blassingame, Harbin, Lyons* and *Vale* are all related to *Archie*. Cases are related if they "involve some of the same issues of fact or law." LR 40.4(a)(2). In all five cases, plaintiffs have a *Monell* claim brought solely by the minor children in which they allege that the City has a practice of using excessive force against young children (ages 0-14) caused: by gaps in official policy and training regarding use of force and children; a systemic failure to investigate, discipline and correct officer misconduct; a pattern of executing warrants in the wrong residences; and a code of silence pervading the police accountability system in Chicago. (Exhibit A, ¶¶ 155, 162; Exhibits B-E ). Crucially, in all five cases, this *Monell* claim is the central or predominant claim, the *gravamen* of the case; it appears as count I in all five complaints. (Id.). Moreover, across the five cases, the *Monell* periods are either identical or overlapping: the *Monell* periods are 2013-2019 in *Archie* and *Blassingame*, 2014-2020 in *Lyons* and *Vale*, and 2009-2015 in *Blassingame*. (Id.). Finally, all five *Monell* claims contain a secondary allegation that the City has a practice of executing search warrants based on inaccurate and uncorroborated information in the wrong homes, with the result that most CPD search

5

warrants are "negative" and result in trauma to innocent families, especially children. (Exhibit A, ¶¶ 155, 163-165; Exhibits B-E).

Given that all five cases have the identical or nearly identical *Monell* claim, all five cases also involve multiple, identical issues of both fact *and* law. LR 40.4(a)(2). Identical issues of fact include whether, as alleged in each case, the City had: a practice of using excessive force against children, including unnecessarily pointing guns at them at close range; a failure to investigate, discipline and correct allegations of officer excessive force against children; a code of silence that pervaded the police accountability system; and an absence of affirmative, official policy and training expressly requiring officers to refrain from using excessive force against children, including pointing guns at them. (Count I, Exhibits A-E). In addition, identical issues of fact include whether, as alleged, the City had actual or constructive notice of each of the aforementioned practices through: the 2017 Department of Justice investigative report regarding the CPD; the 2016 Chicago Police Accountability Task Force report; and a years-long pattern of police misconduct complaints alleging excessive force against children, including gun-pointing. (Id.). Moreover, identical issues of fact include whether the City failed, after notice, to remedy its alleged pattern of excessive force against children by, among other things, failing to: revise its use of force and search warrant policies and training; improve officer and affiant supervision; improve search warrant investigations; and include reforms in the Consent Decree in *State of Illinois v. City of Chicago*, 17-cv-6260. (Id.). As illustrated by the joint status reports the parties have filed in *Archie, Blassingame, Harbin* and *Lyons*, defendants agree that the issues of fact in the five *Monell* claims are similar or identical.[2] (Exhibit F).

---

[2] The parties have not yet been required to file a joint status report in *Vale*.

The five cases also involve identical issues of law and procedure. The City has filed 12(b)(6) motions to dismiss containing the same legal arguments in all five cases. (Exhibit G). Moreover, as indicated in joint status reports, identical issues of law include whether the *Monell* claim in each case should be bifurcated for purposes of discovery and/or trial, which defendants advocate but plaintiffs oppose. (Exhibit F). In *Archie* and *Harbin*, defendants plan to file motions to bifurcate in this week. Identical issues of law also include the question of whether it was objectively reasonable under the circumstances for officers to point firearms at plaintiffs, especially the children, as well as which specific City officials were the final policy makers responsible for the *de facto* policies alleged to have injured all of the child plaintiffs. (Exhibit F). Another common issue of law (or of mixed law and fact) is whether one or more of the alleged practices were the moving force behind the constitution rights violations of each set of plaintiffs. Another identical set of issues of law stems from the fact that, in all cases in which defendants have answered, they assert the same affirmative defenses to plaintiffs' *Monell* claim, including qualified immunity for the officers. (Exhibit H, I, J, K).

Moreover, identical issues of fact and law are also involved in the secondary allegation of the *Monell* claim in all five cases. Identical issues of fact include: whether CPD has a pattern of obtaining search warrants based on inaccurate and uncorroborated statements from informants; whether CPD fails to investigate, discipline and hold accountable officers who obtain such search warrants; and whether CPD tracks negative search warrants, including the reasons why so many are negative. (Exhibits A - E). Identical issues of law include the extent to which CPD obtains search warrants that are not actually based on probable cause (because the affiant had reason to doubt the reliability of the informants' statements but never investigated and corroborated prior to submitting the complaints for search warrant). (Exhibits A – E; Exhibit

7

F). As noted, defendants assert the same affirmative defenses to plaintiffs' *Monell* claim in each case in which they have answered. (Exhibits H-K).

Finally, defendants *agree* that the five cases are related by virtue of having identical or nearly identical *Monell* claims. The City and the same lawyers here told Judge Lee that *Archie* is related to three, older cases, *Mendez*, *Tate* and *Bures,* by virtue having the same *Monell* claim. (Exhibit L). Judge Lee denied that motion to reassign because *Mendez* and *Tate* had progressed too far in discovery relative to *Archie*, but *Mendez*, *Tate, and Bures* do have the same *Monell* claim as *Blassingame, Harbin, Lyons* and *Vale*.[3] Therefore, if *Archie* is related to *Mendez, Tate* and *Bures*, then *Blassingame, Harbin, Lyons* and *Vale* are related to *Archie*.

      a.    **Identical *Monell* Claims Means The Parties Will Conduct the Same Discovery in All Five Cases**

The common *Monell* claim means that discovery and motion practice in all five cases will be identical or almost identical. Given the same claim, the scope of relevant documents, the document custodians and the Fed. R. Civ. Pro. 30(b)(1) and 30(b)(6) witnesses will be the same in every case. *In re Broiler Chicken Antitrust Litig*., 2020 U. S. Dist. LEXIS 173618, at *30 (N. D. Ill. Sept. 22, 2020); *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *11. In fact, *Monell* discovery *was* identical in the much older *Mendez*, *Tate* and *Bures* cases, with the single exception of a few months' difference in the *Monell* periods: in those cases, plaintiffs served the same *Monell*-related discovery requests and Fed. R. Civ. Pro. 30(b)(1) and 30(b)(6) notices three times, while

---

[3] *Mendez* and *Tate* are now far ahead of *Archie*, *Blassingame, Harbin, Lyons,* and *Vale*. In *Mendez*, fact discovery is closed, and expert disclosures are due February 15, 2021. In *Tate*, fact discovery is scheduled to close March 31, 2021 and is followed by deadlines for expert disclosures. As Judge Lee found when he denied defendants' motion to reassign *Archie* and *Tate* to *Mendez*, reassignment would have delayed the proceedings in *Mendez* and *Tate*. *Bures* settled.

defendants produced the same *Monell*-related documents three times and designated the same City employees as 30(b)(1) and 30(b)(6) witnesses. By agreement, the parties took one set of *Monell* depositions that applied to all cases; however, due to the lack of reassignment to a single judge, the parties filed multiple, *Monell*-related motions to compel and for protective order relating to document production and the scope of plaintiffs' 30(b)(6) notice in all three cases, which motions all had to be ruled on separately by three different judges. The parties foresee these same disputes about the scope and management of *Monell* discovery here. (Exhibit F).

Finally, discovery and motion practice with respect to the children's damages will be the same in every case. In each case, plaintiffs allege the children now suffer from seere PTSD symptoms as the result of officers' use of excessive force against them. (Exbibit A, ¶¶ 131-153; Exhibits B-E). In addition to the nature and extent of the children's trauma, in each case the parties dispute whether or under what protective conditions the minor plaintiffs should be required to sit for a deposition by the defendants, just as they did in *Mendez* and *Tate*. (Exhibit F). In each case, the defendants plan to seek a Rule 35 exam of the minor plaintiffs, as they did in *Mendez* and *Tate*.

    **2.  In All Five Cases, the Non-*Monell* Claims Also Involve the Same or Similar Issues of Both Fact and Law**

While the *Monell* claim is the central and predominant claim in *Archie, Blassingame, Harbin, Lyons* and *Vale*, all five cases also share many of the same issues of fact and law in the many, non-*Monell* claims that they also have in common. First, in all five cases, the factual context giving rise to all claims is defendant officers' execution of a search warrant in plaintiffs' residence. (Exhibits A-E). What is more, while each case arises from the execution of a different search warrant, all five cases make the same or substantially the same allegations against the defendant officers: officers failed to corroborate the informant's unreliable

9

statements linking the target to the plaintiffs' address, such that officers' complaints for search warrant lacked probable cause; officers failed to knock and announce and wait a reasonable time before forcibly entering plaintiffs' residence; officers pointed guns point-blank at plaintiffs, including the children; officers screamed, cursed at, insulted and/or demeaned the plaintiffs; officers unreasonably detained the plaintiffs; officers searched throughout the plaintiffs' residence; officers damaged and/or destroyed plaintiffs' real and/or personal property; and officers' conduct traumatized plaintiffs, giving them PTSD. (Id.; Exhibit F).

The non-*Monell* claims in all cases also share the same issues of law. In all five cases, the defendant officers have filed motions to dismiss making the same legal arguments. (See docket citations *supra*; Exhibit M). In all five cases, the plaintiffs have § 1983 claims for unlawful search (based on invalid warrant) and unconstitutional seizure of property. (Exhibits A-E). In four out of the five cases, the plaintiffs have § 1983 claims for unlawful search (based on unreasonable manner of entry and search) and false arrest/false imprisonment. (Id.). Additionally, all five complaints contain the same Illinois state law claims. In all five cases, the plaintiffs have causes of action for assault and intentional infliction of emotional distress. (Exhibits A-E). In four out of the five cases, plaintiffs causes of action for state-law false arrest, false imprisonment, and trespass. (Id.). In *Archie* and *Blasingame,* the plaintiffs have claims for conversion. (Exhibits A-B). In all cases in which defendant officers have answered, they assert the same affirmative defenses to plaintiffs' state-law claims. (Exhibits J and K).

The same non-*Monell* claims *Archie, Blassingame, Harbin, Lyons* and *Vale* means that discovery and motion practice will also be substantially similar in all five cases. In all cases: plaintiffs will bring a motion to compel communications between the affiant and the informant and the deposition of the informant; plaintiffs will argue on summary judgment that

10

defendant officers failed to corroborate the informant's statements that the target had a tie to plaintiffs' address; and defendant officers will assert the same defenses, including qualified immunity. (Exhibit F; Exhibits J and K).[4]

### B. The Four Cases Currently Assigned to Other Judges Meet All Four Conditions for Reassignment

*Blassingame, Harbin, Lyons* and *Vale* each meet all four conditions for reassignment to this Court. First, it is evident at a glance that the LR 40.4(b)(1) and (3) criteria are met. All four cases are pending in this Court. *Archie* has not progressed to the point that designating any of the later-filed cases as related would "substantially" delay discovery or any of the other proceedings in *Archie*. 404.4(b)(3). Although filed at different times, due to COVID-19 stays and other factors all five cases are now on approximately the same litigation schedule. In all, either written discovery has just commenced or the Court is now in the process of deciding motions to dismiss. (See *supra*). The parties have not taken any depositions or engaged in expert discovery in any of the five cases. *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *10. In short, "the cases are all in the early stages of litigation such that reassignment is not likely to result in any substantial delay." *Cheatem v. Board of Education,* 2011 U. S. Dist. LEXIS 81360, at *4 (N. D. Ill. July 26, 2011). In *Archie* in particular, while discovery has commenced, the parties are not at or near its completion. *H.O.P.E., Inc., v. Eden Mgmt., LLC,* 2016 U. S. Dist. LEXIS 97713, at * 20.

---

[4] To the extent that the facts of the search warrant and the applicable law differ, it is important to remember that "Local Rule 40.4(a) requires only that potentially related cases share *some* of the same issues of fact or law, not that the key issue is the same in both cases" (emphasis in original). *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *9. Even where such differences exist, there remains extensive overlap in the five cases among the parties, the custodian of documents and witnesses (i.e., the City in every instance) and the individual lawyers. *In re Broiler Chicken Antitrust Litig.*, 2020 U. S. Dist. LEXIS 173618, at *31.

Rather, this Court has ruled on a motion to dismiss and discovery has just gotten started. *Fairbanks Capital Corp. v. Jenkins*, 2002 U. S. Dist. LEXIS 26297, at * 6. Thus, reassignment of *Blassingame, Harbin, Lyons* and *Vale* to this Court would not substantially delay the progress of discovery in *Archie*.

### 1. Reassignment Would Result in a Very Substantial (80%) Saving of Judicial Time and Effort

Second and most important, the handling of *Archie, Blassingame, Harbin, Lyons* and *Vale* by one judge would result in a substantial saving of judicial time and effort. 40.4(b)(2). *Fairbanks Capital Corp. v. Jenkins*, 2002 U. S. Dist. LEXIS 26297, at * 8 (N. D. Ill. Dec. 3, 2002)("significant judicial efficiency will result from having one judge handle all four of the cases"). Defendants agree. (Exhibit L). As set forth above, each of the five cases will require rulings on the same or similar motions to dismiss, motions for bifurcation, motions to compel/for protective regarding the same *Monell* discovery disputes and the children's depositions, motions for Fed. R. Civ. Pro. 35 exams, and motions for the informant's identity/deposition. In addition, each case will require rulings on defendants' motion for summary judgment on the identical *Monell* claim, as well as on similar invalid warrant, unreasonable manner of search and entry, false arrest/imprisonment, unconstitutional seizure, and state law claims, as well as on the same defenses, especially qualified immunity – in each case arising from the execution of a search warrant in the wrong residence. If the cases are reassigned, then only a single judge or magistrate will have to invest significant time to understand plaintiffs' *Monell* claim and other common claims and issues in order to rule on discovery and dispositive motions. In particular, none of the five cases can be disposed of without determining the plaintiffs' *Monell* claims. *Fairbanks Capital Corp. v. Jenkins*, 2002 U. S. Dist. LEXIS 26297, at * 8 (N. D. Ill. Dec. 3, 2002). "Reassignment… will permit that central issue to be briefed and determined once,"

"rather than four separate times, which will result in a substantial saving of judicial time and effort – not to mention a substantial saving of the parties' and their counsels' time and effort." *Peery v. Chicago Housing Authority*, 2013 U. S. Dist. LEXIS 138589, * 5 (N. D. Ill. Sept. 26, 2013); *Fairbanks Capital Corp. v. Jenkins*, 2002 U. S. Dist. LEXIS 26297, at * 8. Reassignment will allow all identical issues to be briefed and determined once, rather than multiple times by four or more judges. *H.O.P.E., Inc., v. Eden Mgmt., LLC,* 2016 U. S. Dist. LEXIS 97713, *at 20. And it will permit similar issues to be handled promptly and efficiently by a judge who already understands the cases. Without reassignment, four different judges will have to invest time and effort to understand and rule on the same issues in each case. *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *9-10. "It makes little sense to require [multiple] judges to invest the time and effort necessary to understand the technical and factual issues common to [multiple] cases." *Pactiv Corp. v. Multisorb Techs., Inc.*, 2011 U. S. Dist. LEXIS 15991, at *12 (N. D. Ill. Feb. 15, 2011). Although differences exist among the particular facts of each search warrant, this does not cancel the substantial saving of judicial time and effort on the central issues in common: "the mere existence of differences between cases does not preclude substantial savings." *Velocity Patent, LLC v. Mercedes-Benz USA, LLC*, 2014 U. S. Dist. LEXIS 57602, *4 (N. D. Ill. April 24, 2014).[5]

      a.    **Reassignment Would Prevent Inconsistent Rulings, Now Likely**

---

[5] Moreover, the fact that the same or overlapping discovery must be done in all five cases means that reassignment "would result in substantial savings in both the Court's time and effort and *the parties'* time and effort." *Peery v. Chicago Housing Authority*, 2013 U. S. Dist. LEXIS 138589, * 5. As it stands now, the parties are obligated to conduct the identical *Monell* written and oral discovery and motion practice five separate times in five different cases at five times the cost.

13

Reassignment of the related cases to the same judge would ensure consistent rulings on common, substantive questions across all cases and avoid the possibility of conflicting rulings. *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *9; *Peery v. Chicago Housing Authority*, 2013 U. S. Dist. LEXIS 138589, * 5. "The overall administration of justice will likewise be enhanced by having a single judge determine [the central legal] issue in all four of the cases." *Fairbanks Capital Corp. v. Jenkins*, 2002 U. S. Dist. LEXIS 26297, at * 8. The fact that, in all five cases, the parties are briefing the same motions to dismiss, are about to brief the same motions to bifurcate *Monell* discovery/trial, and will have the same discovery disputes about the scope of *Monell* discovery, police-informant communications, informant identity/testimony, and the minor children's depositions and mental status raises more than a possibility of inconsistent rulings in the near future. *Pactiv Corp. v. Multisorb Techs., Inc.*, 2011 U. S. Dist. LEXIS 15991, at *12.[6]

### 2. All Five Cases Are Susceptible of Disposition in a Single Proceeding

Third, *Archie, Blassingame, Harbin, Lyons* and *Vale* are all susceptible of disposition in a single proceeding. LR 40.4(b)(4). Because the *Monell* claim and defendants' defenses in all cases are identical and will be based on the same evidence, a single motion for

---

[6] The Court should know that conflicting rulings in some of the five cases are now likely. Defendants filed essentially the same motions to dismiss plaintiffs' common *Monell* claim and other highly similar claims in all five cases; those motions still have not been decided three cases, *Blassingame, Lyons* and *Vale*. (Exhibit I). In the cases where they have been decided, *Archie* and *Harbin*, they were denied; however, how Judges Kness and Pacold will rule is uncertain, and there is a risk of inconsistent rulings.[6] The fact that defendants' motions to dismiss all contain the same arguments argues for reassignment in order to prevent conflicting rulings and ensure uniformity of justice. Moreover, defendants plan to file essentially the same motions to bifurcate *Monell* discovery and trial in *Archie* and *Harbin* this coming week (the week of January 25, 2020) and, eventually, in all five cases. Defendants' three bifurcation motions in *Mendez* and *Tate* were all denied, but, again, how judges Kness and Pacold will rule is uncertain, and there is a risk of inconsistent rulings on whether and how to handle discovery and trial of the *Monell* claim. Inconsistent rulings are fair to neither plaintiffs nor defendants. Since the *Monell* claim is the central claim in all five cases, it is important that motion, discovery, and summary judgment rulings be consistent and uniform.

14

summary judgment could resolve that central claim in each case. *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *11. Similarly, a single, bifurcated trial on the *Monell* claim alone could resolve that claim in all cases. In *Archie, Blassingame, Harbin, Lyons* and *Vale*, the *Monell* claim by the child plaintiffs is the central, dispositive issue; determination of that common claim will be "outcome-determinative" of all cases. *Fairbanks Capital Corp. v. Jenkins*, 2002 U. S. Dist. LEXIS 26297, at *11. Because it is identical in each case, it can therefore be disposed of in a single proceeding. Only the issue of whether there was an underlying constitutional violation in each case - and perhaps whether each particular violation was caused by one or more of the City's policies (and, if so, which one(s)) - will require individualized adjudication.[7] [8]

        WHEREFORE, plaintiffs respectfully request that the Court enter an Order:

---

[7] In addition, given the identity or overlap in other claims, issues, discovery, parties and counsel, the five cases can be much more efficiently handled by one judge in the same proceeding. *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *11; *Fairbanks Capital Corp. v. Jenkins*, 2002 U. S. Dist. LEXIS 26297, at * 6 (reassignment where plaintiffs and defendants were represented by the same law firms). Moreover, "Determination of the same issue in four cases simultaneously is not likely to prolong the time needed to consider it; the same lawyers appear in all the cases, which can and will be briefed jointly on the common issues." *Fairbanks Capital Corp. v. Jenkins*, 2002 U. S. Dist. LEXIS 26297, at * 10.

[8] Defendants will likely argue that the five cases are not susceptible of disposition in a single proceeding. That is wrong. LR 40.4(b)(4) does not require that all claims in all related cases actually *will* be disposed of together; rather, plaintiffs need only show that the actions are *susceptible* to being disposed of at the same time. *Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, 2019 U. S. Dist. LEXIS 101145, at *11; *Velocity Patent, LLC v. Mercedes-Benz USA, LLC*, 2014 U. S. Dist. LEXIS 57602, at *6; *Fairbanks Capital Corp. v. Jenkins*, 2002 U. S. Dist. LEXIS 26297, at *11 (N. D. Ill. Dec. 3, 2002)("susceptible" means "capable"). Additionally, LR 40.4(b)(4) does not require that *all* facts be capable of being determined in a single proceeding; "[t]he common issues of law and fact… can be resolved in a single proceeding even if some additional facts also have to be determined as to each individual private defendant." *H.O.P.E., Inc., v. Eden Mgmt., LLC,* 2016 U. S. Dist. LEXIS 97713, at *20-21; *Pactiv Corp. v. Multisorb Techs., Inc.*, 2011 U. S. Dist. LEXIS 15991, at *13-14 ("the rule does not require that the cases be completely identical to permit reassignment").[8] It is sufficient that only the central dispositive issue be susceptible to disposition in a single proceeding. *Peery v. Chicago Housing Authority*, 2013 U. S. Dist. LEXIS 138589, at * 6.

15

      a.      Finding *Blassingame, Harbin, Lyons* and *Vale* related to *Archie* within the meaning of LR 40.4(a);

      b.      Finding that all LR 40.4(b) conditions for reassignment of *Blassingame, Harbin, Lyons* and *Vale* to this Court are met;

      c.      Requesting that the Executive Committee reassign to this Court *Blassingame, Harbin, Lyons, Vale* and any other cases filed in the future and found to be related to *Archie*; and

      d.      Such other or further relief as the Court deems just.

Respectfully submitted,

s/Al Hofeld, Jr.
Al Hofeld, Jr.

Al Hofeld, Jr.
Law Offices of Al Hofeld, Jr., LLC
30 N. LaSalle Street, Suite #3120
Chicago, Illinois 60602
(773) 241-5844
Fax - 312-372-1766
al@alhofeldlaw.com

**NOTICE OF FILING AND CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

      I, Al Hofeld, Jr., an attorney for plaintiffs, hereby certify that on January 26, 2021, filing and service of the foregoing ***Plaintiffs' Motion to Reassign Related Cases*** was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 and the Federal Rules of Civil Procedure as to service on any party who is not a Filing User or represented by a Filing User.

s/Al Hofeld, Jr.
Al Hofeld, Jr.

Al Hofeld, Jr.
Law Offices of Al Hofeld, Jr., LLC
30 N. LaSalle Street, Suite #3120
Chicago, Illinois 60602

16

(773) 241-5844
Fax - 312-372-1766
al@alhofeldlaw.com

17