IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRYSTAL ARCHIE, SAVANNAH BROWN, TELIA BROWN, and JHAIMARION JACKSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 19 C 4838 |
| v. | ) ) | Judge Robert W. Gettleman |
| CITY OF CHICAGO, | ) ) | |
| Defendant, | ) ) | |
| DAVID ALVAREZ, JR., BRADLEY R. ANDERSON, SAMUEL ANGEL, LUCAS K. BOYLE, CORNELIUS BROWN, CRAIG BROWN, ANTHONY P. BRUNO, BRANDON CAMPBELL, YVETTE CARRANZA, DANIELLE M. CUSIMANO, ANTHONY V. CUTRONE, EMELIO F. DE LEON, CLARK W. EICHMAN, MICHELLE S. FRACTION, VICTOR J. GUEBARA, CRAIG M. HAMMERMEISTER, STEVEN HOLDEN, TONITA S. JONES, STEVEN G. LEVEILLE, CHRISTOPHER J. MARAFFINO, ANTONIO D. MIRANDA, SEAN RYAN, HUGO F. SANCHEZ, TIMOTHY J. SCHUMPP, CURTIS L. WEATHERSBY, CARL M. WEATHERSPOON, SCOTT P. WESTMAN, RAYMOND H. WILKE, and RUSSELL L. WILLINGHAM, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

Plaintiffs Krystal Archie, Savannah Brown, Telia Brown, and Jhaimarion Jackson have

moved to reassign the following four cases under Federal Rule of Civil Procedure 42 and Local

Rule 40.4: Blassingame v. City of Chicago, 19 C 7287; Tate/Harbin v. City of Chicago, 19 C

7506; <u>Lyons v. City of Chicago</u>, 20 C 3412; and <u>Vale v. City of Chicago</u>, 20 C 5037. In their reply brief, plaintiffs request that an additional case, <u>Smith v. City of Chicago</u>, 21 C 890, be reassigned to this court as well. All five cases are currently pending in the Northern District of Illinois. For the reasons stated below, plaintiff's motion (Doc. 133) is denied.

Within this district, a judge may order the reassignment of a later-filed related case if: (1) both cases are pending in this district; (2) having the same judge hear both cases is likely to result in substantial savings of judicial time and effort; (3) the earlier case has not progressed to the point that reassigning the later-filed case would cause substantial delay in the earlier-filed case; and (4) the cases are susceptible of disposition in a single proceeding. L.R. 40.4(b). A case is related if the case involves the same property, common issues of law or fact, or if the cases grow out of the same transaction or occurrence. L.R. 40.4(a).

Here, plaintiffs contend that the four cases should be reassigned as related. The court disagrees. The factual and legal claims of the six cases span 23 plaintiffs against 89 police officers, multiple search warrants, and an 11-year <u>Monell</u> policy period. There are numerous factual and legal differences that make the cases unrelated. For example, the <u>Monell</u> period in <u>Blassingame</u> is from January 2009 to January 2015, while the other lawsuits include a <u>Monell</u> period from 2019 and 2020. <u>Tate</u>'s <u>Monell</u> claim focuses on African-American children specifically, while the other cases do not include such a focus. The <u>Monell</u> claims in <u>Lyons</u> all occurred after the City of Chicago imposed policy and training changes and entered a consent decree focused on police reform. The claims in <u>Lyons</u> are thus quite different from the <u>Monell</u> claims in the other suits. Further, the plaintiffs in the instant suit include a Fourth Amendment claim that is not present in the other cases. These differences, along with many others, preclude a finding that these cases are related.

2

Even if the cases were related, reassignment would not be appropriate because the cases are not susceptible to disposition in a single proceeding, and the reassignment would not achieve substantial savings of judicial time and effort. Indeed, plaintiffs concede that questions of the underlying constitutional violation in each case, and whether the violations were caused by the City's policies, will require individualized adjudication. Plaintiffs argue that the <u>Monell</u> claims could be adjudicated in one summary judgment motion. But based on the numerous legal and factual differences discussed above, a single summary judgment motion—even for the <u>Monell</u> claims—is infeasible. Based on the significant differences between the cases, reassignment would not achieve a substantial savings of judicial time an effort. Consequently, plaintiffs' motion (Doc. 133) is denied.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: May 4, 2021**