IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRYSTAL ARCHIE et al., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-CV-4838 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| THE CITY OF CHICAGO et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Krystal Archie, for herself and on behalf of her minor children ("plaintiffs"), have brought a fifteen-count fourth amended complaint against the City of Chicago ("the City") and various Chicago police officers (collectively, "defendants). Plaintiffs allege that defendants violated their civil rights under the United States Constitution and Illinois law. Plaintiffs move the court for leave to file a fifth amended complaint (Doc. 245). Their proposed amended complaint would: (1) name lieutenants Matthew Cline ("Cline"), and in the alternative, John Lewis ("Lewis"), as the specific defendant who approved the relevant May 2019 warrant; and (2) remove defendant officers Brandon Campbell and Sean Ryan from the case, in accordance with the stipulation of dismissal that this court entered on May 27, 2022 (Doc. 219). For the reasons discussed below, the court denies plaintiffs' motion (Doc. 245).

**BACKGROUND**

Plaintiffs bring the instant civil rights case against defendants for their execution of three separate search warrants at plaintiffs' residence on February 8, 2019; April 25, 2019; and May 17, 2019.[1] Plaintiffs initially filed the case on July 19, 2019, but have amended their complaint

---

[1] The facts alleged by plaintiffs are described in detail in this court's prior opinion, Archie v. City of Chicago, No.

1

four times previously. Plaintiffs' previous amendments followed their receipt of certain records from defendants and this court's rulings, in addition to the City's motion to bifurcate and stay discovery on plaintiffs' Monell claim. The instant proposed amendment involves the legality of the May 2019 search warrant and its associated raid in Count III. Since their original complaint, plaintiffs have alleged that the Chicago police department ("CPD") supervisor(s) who approved the May 2019 search warrant unlawfully failed to diligently review the warrant application. On October 4, 2019, plaintiffs added Clark W. Eichman ("Eichman") as a defendant and alleged, upon information and belief, that he unlawfully approved the May 2019 search warrant.

Plaintiffs then sought to confirm the correct defendant. On November 20, 2019, they asked defendants via interrogatory to identify (by name and star number) the individual(s) who approved the May 2019 warrant. They served a second, similar interrogatory seeking the same information on February 9, 2021. According to plaintiffs, defendants served unresponsive answers to both interrogatories, stating that "investigation continues." According to defendants, defendants responded to the relevant interrogatory via objections on the bases of vagueness and overbreadth, to which plaintiffs never responded. On March 9, 2021, Eichman, along with Officer Craig Brown ("Brown") (the affiant officer), stated that he did not have a specific recollection of which lieutenant approved the May 2019 warrant.

In April 2022, the City informed plaintiffs via email that it had "narrowed it down to two" lieutenants, Cline or Lewis, who approved the May 2019 warrant, based on their review of old "A/A" sheets (basically, a form of attendance sheets). The relevant A/A sheet listed both Cline and Lewis as supervising lieutenants on that day. According to the City, Cline "cannot recall" whether he approved the warrant, and Lewis "is retired and has not communicated with

---

19 CV 4838, 2020 WL 5751185 (N.D. Ill. Sept. 25, 2020).

2

[them]" despite their efforts to contact him.

Plaintiffs then requested under Local Rule 37.2 that defendants amend their answer to plaintiffs' interrogatory. Plaintiffs opine that defendants have not amended their answers despite plaintiffs' motion to compel, which they filed with the magistrate judge on May 23, 2022. Rather than providing the lieutenants' names and star numbers, the City told plaintiffs to search for their star numbers among the discovery that had already been produced, which consists of 18,000 pages of records. Plaintiffs suggest that "Defendants have long dragged their feet on answering their interrogatory in hopes of running out the clock on the time allotted for plaintiffs to name as defendants the CPD supervisor(s) who approved the April and May warrants." The City, Brown, and Eichman served supplemental answers to this interrogatory on September 30, 2022.

## **LEGAL STANDARD**

Although Federal Rule of Civil Procedure 15(a) instructs district courts to grant leave to amend "when justice so requires," a court may use its sound discretion to deny a plaintiff leave to amend when there is undue delay, bad faith, or dilatory motive, or if allowing the amendment would result in futility or undue prejudice to the opposing party. Park v. City of Chi., 297 F.3d 606, 612 (7th Cir. 2002), citing Ferguson v. Roberts, 11 F.3d 696, 706 (7th Cir. 1993). An amendment is futile if it "reasserts a claim previously determined," or "when it fails to state a valid theory of liability." Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992). Rule 15(a) is intended to reflect a liberal attitude toward the amendment of pleadings. See Foman v. Davis, 371 U.S. 178, 181–82 (1962). The party seeking the amendment carries the burden of proof in showing that no prejudice will result to the non-moving party. See King v. Cooke, 26 F.3d 720, 724 (7th Cir. 1994).

## DISCUSSION

The parties primarily dispute whether the court should grant plaintiffs leave to amend their complaint by adding Cline and Lewis as named defendants. Defendants object to adding Cline and Lewis because "there is simply no documentation identifying either individual" as the relevant lieutenant, making an amendment both prejudicial and futile. Moreover, defendants object because "the statute of limitations would have already passed on the May of 2019 warrant given only adults (Krystal Archie and an adult friend) were present," making an amendment untimely.

Plaintiffs first counter that there does not need to be a record "expressly identifying one of them with certitude as the lieutenant who approved the warrant" to name him as a defendant. Rather, they argue that the appropriate standard is whether plaintiffs have satisfied their obligations under Federal Rule 11(b), which requires an "inquiry reasonable under the circumstances" to ensure that the allegations "have evidentiary support" and that the parties have brought them in good faith. Fed. R. Civ. Pro. 11(b)(3). Plaintiffs argue that, over the course of three years, they have repeatedly requested identifying information for the lieutenant who approved the May 2019 warrant, and any delay should be attributed to defendants, not plaintiffs.

Defendants, of course, disagree. They argue that between plaintiffs' November 2019 and February 2021 interrogatories (approximately 14 months apart), plaintiffs "made no effort to litigate this issue further or ascertain which lieutenant may have been involved in the search warrant review prior to the statute of limitations expiring on May 17, 2021." Defendants emphasize that plaintiffs could have, for example, deposed the relevant parties, or raised the issue in a status report, which they failed to do any earlier than January 18, 2022. Conversely, defendants argue that they have "made every possible effort to determine the identity of the

4

lieutenant," including relatively recent email searches. They have also successfully conferred with Cline, although they acknowledge that they were unsuccessful in reaching Lewis.

Plaintiffs respond by arguing that even if the court attributes the delay in amendment to their actions, the court should conclude that any delay is not prejudicial to defendants because discovery is ongoing, and no trial date has been set. See, e.g., Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792–93 (7th Cir. 2004). They argue that, in any case, defendants "have been on notice since at least April 21, 2022—if not since the very beginning of the case—that this motion [for leave to amend] was forthcoming."[2]

Courts generally find that delay alone does not justify denying a motion to amend a pleading absent a showing of prejudice from the delay. See Tragarz v. Keene Corp., 980 F.2d 411, 432 (7th Cir. 1992). The longer the delay, the greater the presumption against granting leave to amend because extreme delay may itself be prejudicial, as defendants argue here. See Tamari v. Bache & Co., 838 F.2d 904, 909 (7th Cir. 1988).

The court agrees with defendant that the delay in this case is troubling, but concludes that such delay is not prejudicial to defendants because it is difficult to determine where the delay of one party ends and the other begins. As plaintiffs point out, discovery grinded to a halt while the parties briefed, and the court ruled upon, defendants' motions to dismiss, and it is likely that the COVID-19 pandemic-related shutdown also contributed to delay. Consequently, the court does not deny plaintiffs' motion based on undue delay.

The court also does not deny plaintiffs' motion based on undue prejudice because it agrees with plaintiffs that adding Cline and Lewis would not result in additional burdensome

---

[2] A minute entry by the magistrate judge on April 21, 2022, notes that "any motion to amend the complaint to add as defendants the lieutenants who approved the April and May search warrants must be brought before the District Court."

5

discovery, although the court acknowledges that discovery was set to end on September 30, 2022. While plaintiffs indicate that they will likely seek to depose the new proposed defendants, defendants themselves indicate that they have already conducted an exhaustive search of the relevant materials related to the May 2019 warrant.

Yet defendants stack their argument for futility atop their argument for prejudicial delay. Defendants argue that even if plaintiffs have not acted with prejudicial delay in adding Cline and Lewis, plaintiffs' proposed amendment "will constitute an exercise in futility" because they "cannot state a viable claim of liability" to survive a dispositive motion. Defendants argue that plaintiffs do not have a viable claim for unlawful search against Cline, Lewis, or any defendant because the search warrant was supported by probable cause. Moreover, according to defendants, internal regulations, not constitutional mandate, drive the CPD directive that requires a lieutenant to review and approve a search warrant. Thus, defendants insist that a lieutenant's arguable failure to sufficiently review a search warrant before approval does not constitute a constitutional violation.

The court, however, agrees with plaintiffs that this court has already held that plaintiffs' Count III, which alleges that defendants conducted an unlawful search via an invalid warrant, states a claim against certain defendants. The court evaluated this claim in its September 25, 2020, opinion, ruling upon defendants' motion to dismiss. All plaintiffs propose is different defendants, based on alternative evidence. Otherwise, the claim relies on the same factual allegations that the court has upheld as plausible.

Thus, the court is left to evaluate defendants' last objection to plaintiffs' motion. Defendants argue that the statute of limitations for plaintiffs' claims against the approving lieutenant began running "no later than" May 17, 2019, when defendants executed the search

6

warrant. Like other claims pursuant to § 1983, defendants argue that the statute of limitations ended on May 17, 2021, two years later. Plaintiffs do not dispute that the statute of limitations for claims under § 1983 is two years or that their claims accrued when defendants exercised the May 2019 search warrant.[3] Rather, plaintiffs argue that their claims against Cline and Lewis, despite being pursuant to § 1983, are timely under Federal Rule 15(c)(1)(C) because they "relate back" to an earlier date: the filing of the underlying suit (July 19, 2019).

Federal Rule 15(c)(1)(C) "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir. 1980), citing Fed. R. Civ. Pro. 15(c)(1)(C). Importantly, for a claim to relate back based on mistake of identity, the properly named party must have notice of the lawsuit prior to the expiration of the statute of limitations. See James v. City of Chi., No. 11 CV 4418, 2018 WL 572710, at *4 (N.D. Ill. Jan. 25, 2018). The Seventh Circuit has held that Rule 15(c) does not allow relation back where plaintiffs have a "lack of knowledge of the proper party," rather than mistake the proper party. Wood, 618 F.2d at 1230.

The distinction is subtle. In King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 914 (7th Cir. 2000), for example, the Seventh Circuit determined that the district court did not abuse its discretion by denying the plaintiff's motion to file a second amended complaint where the plaintiff failed to identify any named defendant within the statute of limitations. Id. The court determined that the proposed complaint would not relate back because "simple lack of

---

[3] Section 1983 provides a federal cause of action, but federal law looks to the law of the state in which the cause of action arose in certain respects. For example, state law determines the length of the statute of limitations. See Owens v. Okure, 488 U.S. 235, 249–50 (1989). The statute of limitations for § 1983 claims in Illinois is two years. See 735 ILCS 5/13-202; Williams v. Lampe, 399 F.3d 867, 870 (7th Cir. 2005). On the other hand, federal law determines when § 1983 claims accrue. Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir. 1992).

knowledge of the identity of the proper party" is not enough to meet the Rule 15(c)(3)(C) "mistake" requirement. Id. King is clearly distinct from the instant case, where plaintiffs can identify Cline and Lewis.

Further, in Sides v. City of Champaign, 496 F.3d 820 (7th Cir. 2007), the Seventh Circuit held that the district court did not abuse its discretion by denying the plaintiff's motion to amend his complaint where he had failed to name the proper defendant, despite including allegations against the defendant by name in his complaint. Id. at 825. The court denied amendment because these allegations did not relate back. Id. Sides is also distinct from the instant case, where plaintiffs never identified Cline or Lewis by name, much less naming them as defendants, until the proposed amended complaint.

Last, in Joseph v. Elan Motorsports Techs. Racing Corp., 638 F.3d 555 (7th Cir. 2011), the Seventh Circuit determined that a corporate affiliate—managed out of the same office as, and with a legal relationship to, the named corporate entity—should have known that "had it not been for the plaintiff's error," it would have been named the defendant. Id. at 560. In Joseph, the Seventh Circuit determined that the plaintiff proved the knowledge component of Rule 15(c)(3), in addition to proving mistake. Id. Joseph is most like the instant case. Here, plaintiffs identified Eichman, not Lewis or Cline, as the approving lieutenant on October 4, 2019, within the statute of limitations. Considering more recent discovery, plaintiffs determined that naming Eichman was a mistake. There is no evidence that plaintiffs named Eichman in bad faith, despite continuing to seek additional information about the approving lieutenant.

The problem for plaintiffs is Krupski v. Costa Crociere S. p. A., 560 U.S. 538 (2010), in which the Supreme Court emphasized the importance of the defendant's knowledge of the mistake, rather than the plaintiff's knowledge of their mistake. Id. at 548. In the instant case,

8

there is no evidence that Lewis or Cline received notice that plaintiffs mistakenly named Eichman as a defendant. See Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir. 1980). While defendants conferred with Cline and have attempted to confer with Lewis, there is no evidence that their interactions suggested that they would soon be named in the lawsuit. See id. Even if plaintiffs could prove such a suggestion, the alleged notice was not in time for Count III to relate back within the statute of limitations. Without relation back, plaintiffs cannot satisfy the statute of limitations for § 1983 claims, making amendment futile in this case.[4] Thus, the court denies plaintiffs' motion for leave to file a fifth amended complaint.

## CONCLUSION

For the reasons set forth above, the court denies plaintiffs' motion for leave to file a fifth amended complaint (Doc. 245).

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: January 9, 2023**

---

[4] The court recognizes that the two-year statute of limitations does not apply to claims by minors until they reach the age of majority, but, as defendants note, plaintiffs have alleged that only adults (Krystal Archie and her friend) were present at the time that the May 2019 warrant was executed.

9