IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRYSTAL ARCHIE et al., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-CV-4838 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| THE CITY OF CHICAGO; DAVID ALVAREZ, JR.; BRADLEY R. ANDERSON; SAMUEL ANGEL; LUCAS K. BOYLE; CORNELIUS BROWN; CRAIG BROWN; ANTHONY P. BRUNO; BRANDON CAMPBELL; YVETTE CARRANZA; DANIELLE M. CUSIMANO; ANTHONY V. CUTRONE; EMELIO F. DE LEON; DANIELLE S. DUNN; CLARK W. EICHMAN; MICHELLE S. FRACTION; VICTOR J. GUEBARA; CRAIG M. HAMMERMEISTER; STEVEN HOLDEN; TONITA S. JONES; STEVEN G. LEVEILLE; CHRISTOPHER J. MARAFFINO; AARON D. MCCLELLAND; OFFICER MILLER; ANTONIO D. MIRANDA; SEAN RYAN; HUGO F. SANCHEZ; TIMOTHY J. SCHUMPP; DIMAR VASQUEZ; OFFICER WALLACE; CURTIS L. WEATHERSBY; CARL M. WEATHERSPOON; SCOTT P. WESTMAN; RAYMOND H. WILKE; RUSSELL L. WILLINGAM, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Krystal Archie, for herself and on behalf of her minor children ("plaintiffs"), have brought a fifteen-count fourth amended complaint against the City of Chicago ("the City") and various Chicago police officers (collectively, "defendants). Plaintiffs allege that defendants violated their civil rights under the United States Constitution and Illinois law. On May 23, 2022, plaintiffs moved to compel defendants to produce certain discovery materials (Doc. 214),

1

and on March 9, 2023, Magistrate Judge Jeffrey Cummings granted in part and denied in part plaintiffs' motion (Doc. 279, as amended). Under Federal Rule of Civil Procedure 72, on March 22, 2023, defendants filed joint objections to the magistrate judge's rulings, which required them to provide additional information on the confidential informant and certain financial documents (Doc. 283). For the reasons discussed below, the court overrules defendants' objections to the magistrate judge's March 2023 order (Doc. 283).

## BACKGROUND

Plaintiff Krystal Archie and her three minor children (Jhaimarion ("JJ"), Telia, and Savannah) resided in a first-floor apartment, and bring the instant civil rights case against defendants for their execution of three separate search warrants at plaintiffs' residence on February 8, 2019; April 25, 2019; and May 17, 2019. They allege that defendant officers executed these search warrants in the wrong residence, based on information from a confidential informant whose information defendants did not corroborate or reasonably investigate, and that defendants pointed assault rifles at close range at the bodies of three minors during breach and entry. Plaintiffs allege that defendants "repeatedly traumatized" them when they searched their apartment, despite none of plaintiffs being the targets of the search warrants or suspects in the case. Defendants found no contraband in plaintiffs' apartment, and plaintiffs were not arrested.

Plaintiffs complain that Chicago Police Department ("CPD") officers, including defendants, have a pattern and practice of using excessive force against children, including pointing their guns at them and their families. They also allege that defendant officers Anderson, Bruno, and Brown (affiants for the April and May search warrants) failed to verify or confirm the confidential informant's tip that the target of the warrants resided at or was otherwise connected to plaintiffs' apartment.

On May 23, 2022, plaintiffs filed a motion to compel defendants to produce certain discovery materials, after the parties attempted to resolve their discovery disputes in writing and over the telephone. Under Federal Rule of Civil Procedure 37(a), a party may file a motion to compel when another party fails to respond to a discovery request or when its response is insufficient. Plaintiffs complained that defendants refused to produce: each defendant officers' complete misconduct complaint register files ("complaint registers" or "CR files")[1]; the defendant officers' tax returns and household expenses for the three years prior to each incident, for each officer whom plaintiffs allege pointed their guns at the three minor plaintiffs; an amended interrogatory to identify the supervisors who approved the April and May search warrants[2]; and responses or supplements to the background of, and defendants' communication with, the informant(s).

On March 9, 2023, the magistrate judge granted in part and denied in part plaintiffs' motion to compel. Courts have broad discretion in resolving discovery disputes, and adopt a liberal interpretation of the discovery rules in doing so. See Gile v. United Airlines, Inc., 95 F.3d 492, 495 (7th Cir. 1996). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Because defendants had already produced summary listings of each officer's CR files for their entire careers, and offered to produce certain full electronic files for certain CR files over a ten-year period, the magistrate judge found that the scope of defendants' proffer regarding relevant CR files was appropriate. Defendants do not

---

[1] Plaintiffs later narrowed their request to seek full information regarding each CR file in which defendant officers were accused of misconduct similar to the misconduct alleged in this case, such as files containing allegations of improper search, property damage, false arrest, verbal abuse, and excessive force.
[2] During the briefing process, the parties reached an agreement on this issue, and defendants subsequently provided an amended answer to the relevant interrogatory. Plaintiffs moved to file a fifth amended complaint on September 1, 2022, seeking to name certain defendants as the approving supervisors, which the court denied on January 9, 2023. See Archie v. City of Chicago, No. 19-CV-4838, 2023 WL 130503 (N.D. Ill. Jan. 9, 2023).

challenge this aspect of the magistrate judge's ruling in the instant motion.

On the other hand, defendants challenge the magistrate judge's determination that they must produce the financial information of the ten defendant officers who allegedly pointed their guns at minors, and a revised affidavit with additional information regarding their confidential informant ("CI").  Citing the "record here and well-established case law," the magistrate judge allowed plaintiffs to proceed with discovery related to punitive damages, although the court has not yet evaluated defendants' qualified immunity defense.  The court ordered defendants to produce individual tax returns and a list of personal and household expenses for the years 2020 and 2021, for defendant officers Holden, Alvarez, Angel, Geubara, DeLeon, Anderson, Cusimano, Sanchez, Miranda, and Boyle, on an "attorneys' eyes-only designation."[3]

Further, the court ordered Officer Barbara Jotautas (the CPD officer who monitors and maintains the security of CR files) to produce a revised affidavit to plaintiffs' counsel on an attorneys' eyes-only basis, containing: the overall number of occasions where the CI provided information that did <u>not</u> lead to arrest or recovery of contraband; the number of occasions prior to April 2019 where the CI provided reliable information that led to arrest or recovery of contraband; the number of occasions prior to April 2019 where the CI provided information that did not lead to arrest or recovery of contraband; and for each of the CI's arrests (including 20 arrests identified in the affidavit), the date of arrest, charges filed with the arrest, disposition of the charges, and date of disposition.  The magistrate judge reasoned that a revised affidavit was "the most expeditious way of providing [plaintiff] with . . . additional information—while simultaneously preserving the privilege."  Defendants filed the instant motion in response to the

---

[3] Plaintiffs initially requested financial information from each of the 29 original defendant officers for 2017, 2018, and 2019, but later clarified that they sought financial records for only 14 defendant officers.  The court narrowed its order to compel production by 10 defendant officers, for various reasons.

magistrate's March 9, 2023, ruling on plaintiffs' motion to compel.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision," and "[a] party may serve and file objections to the order within 14 days of being served with a copy." In response, "[t]he district judge in the case must consider timely objections and modify or set aside any party of the order that is clearly erroneous or is contrary to law."

## DISCUSSION

In their Rule 72 objections to the magistrate judge's March 9, 2023, ruling, defendants object to providing additional information regarding their CI based on the informant's privilege, and they object to providing discovery regarding certain defendant officers' financial information based on their unresolved qualified immunity defense, and because they allege that body-worn camera videos contradict plaintiffs' claims. The court begins by determining whether the magistrate judge's order for defendants to produce a revised affidavit regarding defendants' CI is clearly erroneous or contrary to law.

As discussed above, the magistrate judge required defendants to provide a revised affidavit that provides more information on the CI's track record and criminal history. Defendants object to this order because they argue that such production "improperly risks violating the CI's identity and safety and the public's interest in effective law enforcement that is the purpose of the informant privilege," citing Roviaro v. United States, 353 U.S. 53 (1957). According to defendants, the initial affidavit, which provides the number of successful tips, is

5

sufficient to allow the court to evaluate whether defendant officers reasonably relied on the CI's information, and disclosure of criminal history information would "endanger" an informant by "enhanc[ing] the likelihood that the CI's identity may be discovered." Defendants emphasize that it is in the public interest to preserve the anonymity of informants.

The court agrees with plaintiffs that defendants' arguments against the magistrate judge's order to provide a revised affidavit with additional information on the CI is not clearly erroneous or contrary to law. Defendants may disagree with the magistrate judge's evaluation of the risk of inadvertent disclosure of the CI's identity, but that does not mean that his order is contrary to precedent. The fact that the magistrate judge came to a different conclusion after balancing plaintiffs' need for additional information about the CI's reliability with the public interest in the anonymity of informants, does not mean that it is clearly erroneous. Courts have broad discretion in resolving discovery disputes, and the magistrate judge ordered the revised affidavit with non-identifying information on an attorneys' eyes-only basis. There is no indication that the magistrate judge "overestimated" or "underestimated" certain factors in a manner that is inconsistent with precedent, rather than an exercise of discretion.

The court also agrees with plaintiffs that the magistrate judge's ruling that certain defendants must produce financial information is not clearly erroneous or contrary to law. The court rejects defendants' emphasis on their interpretation of the body-worn camera footage, because this argument suggests that the parties have a factual dispute that belongs at summary judgment or trial, rather than indicates that the magistrate judge's order is clearly erroneous.[4] Further, while defendants argue that plaintiffs have waived any counterarguments to defendants' Rule 72 objections by failing to raise them in response, the court disagrees. Plaintiffs counter

---

[4] For example, defendants both argue the body-worn camera footage demonstrates that the officers did not point their guns at plaintiffs, and that "any perceived gun pointing was neither intentional nor prolonged."

6

that defendants are simply "rehash[ing] arguments" that they have already made, and which the magistrate judge rejected, in response to plaintiffs' motion to compel; thus, plaintiffs responded to defendants' arguments in their response in support of their motion. Consequently, it is not true, as defendants argue, that plaintiffs "provide no developed positions" refuting defendants' objections.

Defendants also argue that the magistrate judge erred by prematurely requiring them to produce financial information prior to the court's resolution of their qualified immunity defense. According to defendants, "a core purpose of the qualified immunity doctrine is furthered by limiting discovery pending adjudication of a qualified immunity defense," such as limiting or delaying discovery into personal finances. Defendants cite Finch v. City of Indianapolis, 08-cv-0432-DML-RLY, 2011 WL 2516242 (S.D. Ind. June 23, 2011), and Cefalu v. Glenview, 12 CV 5995, 2013 WL 5878603 (N.D. Ill. Nov. 1, 2013), and argue that the magistrate judge erred in declining to postpone discovery because plaintiffs have "gone well beyond making bare allegations" in their claims for punitive damages.

The court rejects defendants' argument that the magistrate judge acted in clear error or contrary to the law by requiring defendants to proceed with financial discovery before evaluating their qualified immunity defense. It is not contrary to Finch and Cefalu, which are not precedential authority in this case, to allow discovery of financial information when qualified immunity has not been resolved, in cases where the plaintiffs' claims for punitive damages rely on more than "solely" bare allegations that the officers' conduct was willful, malicious, and oppressive.[5] Cefalu, 12 CV 5995, at *3. The fact that defendants arguably have evidence that is

---

[5] The court acknowledges that the Finch court cites Landstrom v. Illinois Dep't of Child. & Fam. Servs., 892 F.2d 670 (7th Cir. 1990), which states that "the Supreme court has instructed that trial courts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery." Id. at 674. Langstrom, however, does not state that courts must determine qualified immunity before allowing discovery.

contrary to plaintiffs' allegations does not mean that plaintiffs are not entitled to discovery, and the fact that the magistrate judge cited the court's prior ruling on defendants' motion to dismiss in his reasoning does not require another result.

There is no evidence that the magistrate judge "disregard[ed]" Finch or Cefalu, rather than balancing the parties' interests (defendants' interest in delaying discovery and plaintiff's interest in the potential inefficiencies caused by delay) in a different manner than defendants. Accordingly, the court overrules defendants' objections to the magistrate judge's March 9, 2023, rulings.

## CONCLUSION

For the reasons discussed above, the court overrules defendants' Rule 72 objections to the magistrate judge's March 9, 2023, order (Doc. 283). The discovery deadlines contemplated by the magistrate judge's March 9 order are extended as consistent with the magistrate judge's minute entry on March 27, 2023 (Doc. 282).

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:  May 12, 2023**